**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**MARCO ANTONIO LOPEZ PARADA,**

      Petitioner,

v.                                          Civil Action No. **3:26CV337 (RCY)**

**NEY HIDALGO, *et al.*,**

      Respondents.

**MEMORANDUM OPINION**

Petitioner, a federal detainee, proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241 (hereinafter "§ 2241 Petition"). ECF No. 1. In his § 2241 Petition, Petitioner sought his release from immigration detention. By Memorandum Order entered on April 29, 2026, the Court directed Respondents to file a response to the § 2241 Petition. ECF No. 3.

On May 6, 2026, Respondents moved to dismiss the action as moot. ECF No. 4. Respondents noted that Petitioner was no longer in custody and had been removed from the United States on April 26, 2026, to his native El Salvador. ECF No. 9, at 1.

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a]

federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, Petitioner challenged his continued detention. The record reflects that he is no longer detained. These circumstances render the § 2241 Petition moot. *See United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (citation omitted) (explaining that "[a] case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever"); *cf. Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (holding that a challenge to incarceration for a parole revocation becomes moot upon completion of revoked term of imprisonment). The Motion to Dismiss (ECF No. 4) will therefore be GRANTED. The action will be DISMISSED AS MOOT.

An appropriate Final Order will accompany this Memorandum Opinion.

_____ /s/ *RCY*
Roderick C. Young
Date:  May 27, 2026                     United States District Judge
Richmond, Virginia

2